NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE MENDIETA-MENDOZA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 21-291

Agency No.
A078-342-549

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2026**
San Francisco, California

Before: GOULD, NGUYEN, and VANDYKE, Circuit Judges.

Jose Mendieta-Mendoza ("Mendieta"), a native and citizen of Nicaragua,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") denying his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). Reviewing for substantial evidence, *Zhou v. Gonzales*, 437 F.3d 860, 864 (9th Cir. 2006), we deny the petition.

1. Substantial evidence supports the agency's denial of withholding of removal. To be eligible for withholding of removal, Mendieta must show a "clear probability" of persecution, *i.e.*, that it is "more likely than not" he will be persecuted on account of a protected ground in the proposed country of removal. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). Under the withholding of removal statute, the protected grounds are "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

The record shows that Mendieta safely remained in Nicaragua for three years after deserting the army in 1988, and that desertions from the Sandinista army were "widespread" when Mendieta deserted. *See Castillo v. INS,* 951 F.2d 1117, 1122 (9th Cir. 1991) ("When determining the objective reasonableness of an alien's claim of well-founded fear of persecution[,] the BIA may properly consider as significant a petitioner's continued safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced his

2                                                                              21-291

fear."). There is no evidence showing that the Nicaraguan government searched for Mendieta after 1989, or that the government is currently persecuting or torturing individuals who deserted from the army in the 1980s. Although the record establishes that the Nicaraguan government has persecuted and tortured political protestors in response to anti-government protests, there is no evidence of Mendieta participating in any such anti-government protests, or indeed in any protests. There is also no evidence of Mendieta's "political opinion," beyond any inferred political opinion that he opposed the government's policies related to the war based on his desertion from the army, and no evidence that the current Nicaraguan government would know of any political opinions of Mendieta. *See INS v. Elias-Zacarias,* 502 U.S. 478, 483 (1992) (applicant must show that the government "will persecute him *because of* that political opinion") (emphasis in original); *Nuru v. Gonzales,* 404 F.3d 1207, 1226 (9th Cir. 2005) (requiring government to have knowledge of applicant's political opinion). The record does not compel a finding of clear probability of persecution on account of Mendieta's political opinion.[1]

2. Substantial evidence supports the agency's denial of CAT protection. To

---

[1] Mendieta did not challenge the IJ's finding that "deserters from the Sandinista army" do not qualify as a "particular social group" before the BIA. Thus, this argument has not been exhausted. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

establish entitlement to CAT protection, Mendieta must "prove that it is more likely than not that he . . . would be tortured if removed to the proposed country . . . and that torture must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (simplified). For the same reasons discussed above, the record does not compel a finding that it is more likely than not that Mendieta would be tortured if returned to Nicaragua.[2]

    **PETITION DENIED.**

---

[2] The agency's denial of cancellation of removal is not before us. Because Mendieta did not mention the agency's denial of cancellation relief in his opening brief, this claim is forfeited. *See Lemus-Escobar v. Bondi*, 158 F.4th 944, 962 (9th Cir. 2025).